**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Kevin Hughes,<br><br>                                     Plaintiff,<br>     -v-<br><br>Love Conquers All Inc.,<br>Debbie Davis, and<br>Malcolm Davis,<br><br>                          Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Kevin Hughes ("Plaintiff," or "Hughes"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant Love Conquers All Inc. Debbie Davis, and Malcolm Davis (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendants, individually and/or jointly and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further alleges pursuant to the New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) entitled to unpaid minimum wages from Defendant for working and not being paid the applicable NYS minimum wage rate for each hour he worked for Defendant in a week; (iii) for each week during his employment with Defendant entitled to an extra hour of pay for each day he worked a spread of hours of more than ten (10) hours; and (iv) is entitled to maximum liquidated damages and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the

regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages – including liquidated damages on all wages paid later than weekly,, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Kevin Hughes ("Plaintiff" or "Hughes") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. At all times relevant herein, Defendant Love Conquers All Inc. ("LCA") was a New York for-profit Corporation.

9. Upon information and belief and at all times relevant herein, the corporate Defendant LCA was owned/controlled/managed by Defendants Debbie Davis ("Debbie") and Defendant Malcolm Davis ("Malcolm"), who were in charge of the operations and management of Defendant LCA.

10. At all times relevant herein, Defendants individually, and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

11. Upon information and belief, and at all times relevant herein, Defendants owned and/or operated the multi-story buildings in which Plaintiff worked located in Bronx, NY.

12. At all times relevant herein, Defendants individually and/or jointly employed Plaintiff.

13. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

14. Upon information and belief, and at all relevant times herein, Defendants were engaged in business of building ownership and management.

15. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly owned and/or operated about four or more buildings/locations and employed over 25 employees.

16. Plaintiff Hughes was employed by Defendants from in or around April 2018 to in or around December 2018.

17. At all times relevant herein, Plaintiff performed a variety of manual and physical duties for Defendants - securing and caring for Defendants buildings and their operations.

18. At all times relevant herein, Plaintiff was paid at an effective rate of $8.07[1] an hour and Plaintiff was not paid any wages including overtime wages for his overtime hours worked (hours over 40 in a week) – a rate lower than the applicable NYS minimum wage rate for the entire period of Plaintiff's employment with Defendants.

19. At all times relevant herein, Plaintiff worked about 80 or more hours each week for

[1] Plaintiff was paid $5.20 an hour for 40 hours by check and he was also provided a room/unit valued at $500 a month as part of his compensation – resulting in an effective hourly rate of about $8.07/hr.

3

Defendants - 7 days a week, but Plaintiff was not paid *any* wages for his overtime hours worked (hours over 40 in a week).

20. At all times relevant herein, Defendant provided Plaintiff with a room or "unit" as part of his compensation – the room was valued at $500 a month.

21. A more precise statement of the hours and wages may be made when Plaintiff Hughes obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

22. At all times relevant herein, Defendants paid Plaintiff on a monthly basis in violation of NYLL 191 (1)(a)(i). See *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

23. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

24. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day for 2 or more days a week; for each week during his employment with Defendants.

25. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

26. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3).

27. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly had annual revenues and/or expenditures in excess of $500,000.

28. At all times applicable herein, Defendants conducted business with vendors/entities/persons within the State of New York.

29. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems. As an integral part of his job and regular daily duties, Plaintiff handled United States mail with regard to the building.

30. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce.

31. Defendants as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

32. At all times applicable herein and upon information and belief, Defendants and the tenants in its buildings conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

33. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

34. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

35. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

38. All times applicable or relevant herein, the FLSA overtime claim refers to the two-year and three-year period preceding the filing of this complaint but this period may be longer. All times applicable or relevant herein, the NYLL overtime claim refers to the six-year period

preceding the filing of this complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime Wages)

39. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

41. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 206, 207.

42. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

43. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

## Relief Demanded

44. Due to Defendants' FLSA overtime wage violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, maximum liquidated damages – including maximum liquidated damages on all overtime wages paid later than weekly, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. & 12 NYCRR § 142-2.2, 141-1.4 (Unpaid OT + Min. wages + SOH)

45. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning

of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

47. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2 and 12 NYCRR § 141-1.4.

48. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1.

49. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours a day for 2 days a week, for each week during the period he was employed by Defendant, but Defendant failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4.

## Relief Demanded

50. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime, minimum wage and spread of hours wage compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages

51. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 49 above with the same force and effect as if fully set forth at length herein.

52. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

53. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid non-overtime wages, overtime wages, minimum wages, spread of hours wages, and wage deductions, as required under NY Labor Law § 190 et seq.

54. At all times relevant herein, Defendants paid Plaintiff on a monthly basis in violation of NYLL 191 (1)(a)(i). See *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

55. At all times relevant herein, Defendant, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

56. At all times relevant herein, Defendant, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## **Relief Demanded**

57. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid non-overtime and overtime wages, minimum wages, spread of hours wages, wage deductions, maximum liquidated damages – including liquidated damages on all wages paid later than weekly,  prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

58. Declare Defendant to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142, 141 and Article 6 of the NYLL – NYLL § 190 et Seq.

59. As to his **First Cause of Action**, award Plaintiff his unpaid overtime wage compensation, maximum liquidated damages – including maximum liquidated damages on all wages paid later than weekly, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

60. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime, minimum wage and spread of hours wage compensation, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, 2.4, 2.1, 12 NYCRR § 141-1.4. together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

61. As to his **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid non-overtime and overtime wages, minimum wages, spread of hours wages, wage deductions, maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

62. Award Plaintiff prejudgment interest on all monies due.

63. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

64. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **March 31, 2020**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan           
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com