**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2020

**UNITED STATES DISCTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Kevin Hughes,<br><br>    Plaintiff,<br><br>-v-<br><br>Love Conquers All Inc.,<br>Debbie Davis, and<br>Malcolm Davis,<br><br>    Defendants. | Civ. Action #: 20-CV-02697<br>(VEC)(KNF)<br><br>Motion for<br>Reconsideration/Reargument |

**PLAINTIFF'S MOTION FOR RECONSIDERATION/REARGUMENT**

ABDUL HASSAN LAW GROUP, PLLC
By: Abdul K. Hassan, Esq.
*Counsel for Plaintiff*
215-28 Hillside Avenue,
Queens Village, NY 11427
Tel: 718-740-1000

SERVED ON SEPTEMBER 23, 2020

## I. PRELIMINARY STATEMENT

Plaintiff Kevin Hughes ("Plaintiff" or "Hughes"), pursuant to the rules of this Court including Local Civil Rule 6.3, respectfully submits this motion for reconsideration/reargument of this Honorable Court's September 9, 2020 order dismissing Plaintiff's case for failure to prosecute. There are excellent grounds for granting this motion and setting aside the dismissal order as further explained below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The instant case was filed on March 31, 2020 seeking recovery under the FLSA and NYLL. (See ECF No. 1). Service on all Defendants was completed by June 12, 2020. (See ECF Nos. 5, 7, 8). On July 2, 2020, the Court issued the following order:

> ORDER: IT IS ORDERED that Plaintiff must apply for a default judgment against Defendants, consistent with the procedures described in Attachment A to the undersigned's Individual Practices in Civil Cases by not later than July 24, 2020, or the case will be dismissed for failure to prosecute. ( Motions due by 7/24/2020.) (Signed by Judge Valerie E. Caproni on 7/2/2020) (cf) (Entered: 07/02/2020)

On July 24, 2020 (ECF No. 9), Plaintiff requested an extension of time which was granted by the Court as follows:

> ORDER: granting 9 Letter Motion for Extension of Time to File. Application GRANTED. Plaintiff must apply for a default judgment against Defendants, consistent with the procedures described in Attachment A to the undersigned's Individual Practices in Civil Cases by not later than September 8, 2020, or the case will be dismissed for failure to prosecute. SO ORDERED. (Signed by Judge Valerie E. Caproni on 7/27/2020) (ama) (Entered: 07/27/2020)

On September 8, 2020, Plaintiff requested another extension (ECF No. 11), but the Court dismissed the case and stated as follows:

> ORDER denying 11 Letter Motion for Extension of Time to File. Application DENIED. This case is DISMISSED for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Signed by Judge Valerie E. Caproni on 9/9/2020) (cf) (Entered: 09/09/2020)

1

Plaintiff now files the instant motion for reconsideration/reargument.

### III.     ARGUMENT

#### 1.  THE RELEVANT FACTORS WERE NOT ADDRESSED AND ARE NOT SATISFIED

In *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014), the Court of Appeals stated in relevant part as follows:

> A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994).

The Second Circuit in *Baptiste*, 768 F.3d 212, 217 (2d Cir. 2014), further stated as follows:

> If the district court weighed the factors dictated by our case law before it dismissed Baptiste's case, its order does not disclose its deliberative path. As in LeSane, the "record contains no indication that the district court considered any of [the required] factors in reaching its decision to dismiss plaintiff's case for failure to prosecute." Id. at 209.

Similarly, in this case there is no weighing of the relevant factors in the record and there was no opportunity for Plaintiff to address the relevant factors such as through an order to show cause. Moreover, the factors weigh against dismissal as we will now explain.

As to the **first** factor, the duration of any non-compliance was relatively short. The extended deadline was September 8, 2020 and Plaintiff actually made an extension request before the expiration of the deadline. (See ECF No. 11). By contrast in *Baptiste*, it appears that the Second Circuit reversed the order dismissing for failure to prosecute where the duration of non-compliance was more than two years.  This factor weighs even more compellingly in

2

Plaintiff's favor given that we are dealing with a default judgment situation where courts tend to vacate entries of default made after only relatively short periods of default by defendants. See generally *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998). We are not aware of any case in which a failure to prosecute was affirmed by the Second Circuit based on failure to seek a default judgment within three months of defendants' failure to answer the complaint.

As to the **second** factor, even though the Court did mention dismissal in its two prior orders, the Second Circuit in *Lewis v. Frayne*, 595 F. App'x 35, 37 (2d Cir. 2014), found a similar type of deadline based on an order to show cause that "'This case may be dismissed by order of the court if you do not respond by 2/14/14,'" did not provide sufficient notice because 'the notice did not warn him that his case "would be dismissed if there was further delay."' Indeed, with an almost identical order in place on July 24, 2020, as was in place on July 9, 2020, the Court extended the deadline and did not dismiss.

As to the **third** factor, Defendants will suffer no undue prejudice because they have defaulted and not appeared in the action. In fact, delaying an entry of default would obviously and significantly benefit the Defendants by giving them more time to avoid a judgment against them and additional time in these situations, has often lead to a resolution of the matter which in turn saves the Court a lot of time and resources.

As to the **fourth** factor, while we are not aware of exactly how the Court has been affected by the relatively short delay, we certainly apologize to the Court for any disruptions to its docket and case management but respectfully maintain that the balancing of this factor weighs strongly against dismissal especially given the current COVID-19 situation. Here, the case is relatively young, and the COVID-19 situation has seriously affected the operation of every business in the country including Plaintiff's counsel's office and state/federal courts in New

3

York – in almost every aspect. For example, Plaintiff's counsel has been working remotely and has not been meeting with clients in person since March 2020 – thus slowing down operations greatly and requiring more time to process and handle cases and a wide variety of office functions. Also, during this time. Plaintiff's counsel has been handling a major summary judgment motion and a major appeal before the New York Court of Appeals both of which had filings due on September 9, 2020 and September 7, 2020 respectively. Moreover, it is necessary and prudent in the COVID-19 world to give Defendants more time than usual to respond and defend cases because they are also experiencing the same challenges that Plaintiff's counsel and other businesses are experiencing – the COVID-19 public policy also appear to encourage this accommodating approach.

Finally, the dismissal in this case will only create more work and delays for the Court because a refiling of the case will require duplication of the work already done and will likely end up before Your Honor under the related case rules.

As to the **fifth** factor, we do not believe any lesser measures except restoration of the case to the Court's calendar is warranted in light of the four factors above, even though we once again apologize to the Court for any inconvenience caused. We also note for the reasons set forth above as well, that any non-compliance with the Court's orders was not willful and that Plaintiff acted in good faith by seeking an extension of time in each instance before the expiration of the deadline. See i.e. *Portillo v. Webb*, No. 16CV4731VECGWG, 2018 WL 6177920, at 1 (S.D.N.Y. Nov. 27, 2018)(Judge Caproni declining to dismiss complaint for failure to prosecute and stating that "If more time is necessary to comply with an order, [Plaintiff] must promptly make his needs known before the deadline.").

4

### IV.     CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant this motion for reconsideration/reargument, set aside the September 9, 2020 dismissal order and grant Plaintiff 30 days after a decision on this motion to file a motion for default judgment.

**Dated: Queens Village, New York**
          **September 23, 2020**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan
**By: Abdul K. Hassan, Esq. (AH6510)**
*Counsel for Plaintiff Kevin Hughes*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com

---

Application GRANTED in part.  The Court notes that Plaintiff requested the extension on the deadline to move for default judgment, rather than two days prior as required by Rule 2(C) of the Court's individual practices.  Moreover, Plaintiff provided no explanation for why he failed to make the deadline.

The Clerk of Court is respectfully directed to reopen this case.  Plaintiff must move for default judgment no later than **October 8, 2020**.  No further extensions will be granted.

SO ORDERED.

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE          9/25/2020